MARC PILOTIN
Regional Solicitor
ANDREW J. SCHULTZ
Wage and Hour Counsel
JULIA HAYER (Cal. Bar No. #333454)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone:  415-625-2226
hayer.julia.b@dol.gov
*Attorneys for Plaintiff Martin J. Walsh,*
*United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Martin J. Walsh,<br>    Secretary of Labor,<br>        United States Department of Labor,<br><br>                        Plaintiff,<br>        v.<br><br>Renovations of Las Vegas, Inc.,<br><br>                        Respondent. | Case No. _____<br><br>**SECRETARY'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA *DUCES TECUM* ISSUED BY THE WAGE AND HOUR DIVISION OF THE UNITED STATES DEPARTMENT OF LABOR** |

Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this Petition against Renovations of Las Vegas, Inc., Respondent.

In support of the Petition, the Secretary attaches the following supporting documents: (1) Memorandum of Points and Authorities in Support of Secretary's Petition to Enforce Administrative Subpoena *Duces Tecum*; (2) Declaration of Sylvia Argueta, Assistant District Director of the Las Vegas District Office, Wage and Hour Division, United States Department of Labor ("Argueta Decl."); and (3) Declaration of Richard

PETITION TO ENFORCE SUBPOENA
1

Longo Western Deputy Regional Administrator, Wage and Hour Division, United States Department of Labor ("Longo Decl.") (and all exhibits attached thereto).

The Secretary concurrently lodges with the Court a Proposed Order to Show Cause. In support of his Petition, the Secretary alleges as follows:

## JURISDICTION AND VENUE

1. This Petition is brought to compel Respondent to comply with the administrative Subpoena *Duces Tecum* (the "Subpoena") issued on May 18, 2022 by the United States Department of Labor, Wage and Hour Division ("Wage and Hour"). The Subpoena was issued in the course of a Department of Labor investigation of Renovations of Las Vegas, Inc. conducted pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Representatives for the Secretary attempted to obtain the documents requested by the Subpoena without resort to judicial enforcement. Respondent, however, failed to produce any of the documents requested by the Subpoena, resulting in the need for this Petition.

2. This Court has subject matter jurisdiction over this Petition pursuant to section 9 of the Federal Trade Commission Act, 15 U.S.C. § 49, as made applicable by section 9 of the FLSA, 29 U.S.C. § 209.

## INTRADISTRICT ASSIGNMENT

3. A substantial part of the events or omissions which give rise to this Petition occurred in Clark County.

## INVESTIGATION AND SUBPOENA

4. On or about March 2022, Wage and Hour opened an investigation of Renovations of Las Vegas, Inc. to determine whether any person had violated or was

violating any provision of the FLSA or any regulations promulgated thereunder during the period beginning March 2022. *See* Argueta Decl. ¶ 2.

5. On or about May 18, 2022, Richard Longo, the Wage and Hour Deputy Regional Administrator, issued an administrative Subpoena Duces Tecum to Respondent. *See* Longo Decl. ¶ 2. The Subpoena was sent by UPS with tracking ID # 1ZW8Y8031398997891 to Renovations of Las Vegas, Inc. The UPS.com search engine states that the document was delivered on May 26, 2022. Argueta Decl. ¶ 4. A true and correct copy of the Subpoena is attached as Exhibit 1 to the Petition. The Subpoena was issued in the course of Wage and Hour's investigation into Respondent pursuant to Section 11(a) of the FLSA and sought documents that are relevant and material to Wage and Hour's investigation. Longo Decl. ¶¶ 2-3; Argueta Decl. ¶ 7.

6. The records, papers, and documents required to be produced as set forth in the Subpoena are relevant and material to Wage and Hour's investigation of whether any person has violated or is about to violate any provision of the FLSA. Longo Decl. ¶ 3; Argueta Decl. ¶ 7. The Subpoena, and Respondent's failure to comply with it, forms the basis for this Petition.

## RESPONDENT'S FAILURE TO COMPLY WITH THE SUBPOENA

7. The Subpoena required Respondent to produce responsive documents by June 1, 2022. Longo Decl. at ¶ 2.

8. To date, Respondent has failed to provide any documents in response to the Subpoena. Argueta Decl. ¶¶ 5-6.

9. The records, papers, and documents required to be produced as set forth in the Subpoena, which concern the wages, hours and other conditions and practices of employment maintained by Respondent and other records regarding Renovations of Las Vegas, Inc. are relevant and material to the Secretary's investigation of whether the FLSA has been violated. Argueta Decl. at ¶¶ 7-8; Longo Decl. at ¶ 3.

10. Respondent's failure to provide the subpoenaed documents is impeding Wage and Hour's ability to conduct a proper and timely investigation into possible wage and recordkeeping violations of the FLSA. Argueta Decl. at ¶ 8; Longo Decl. ¶ 4.

**PRAYER FOR RELIEF**

WHEREFORE, the Secretary prays:

a. that this Court enter an order requiring Respondent to appear on a date certain to show cause, if any there be, why he should not appear before the designated representatives of the Wage and Hour Division, at such reasonable time and place as the Petitioner or the Court may set, then and there to produce the records requested by the Subpoena;

b. that this Court enter an order tolling the running of the applicable statute of limitations from June 1, 2022, the date the documents were due, until thirty days after such time as the Petitioner notifies this Court that Respondent has complied with the Subpoena; and

c. for such other and further relief as may be necessary and appropriate.

A proposed Order to Show Cause is filed concurrently herewith.

Dated: December 13, 2022

SEEMA NANDA
Solicitor of Labor

MARC PILOTIN
Regional Solicitor

ANDREW SCHULTZ
Wage and Hour Counsel

JULIA HAYER

PETITION TO ENFORCE SUBPOENA
4

Trial Attorney
U.S. Department of Labor

By: /s/ Julia Hayer
Julia Hayer
Trial Attorney

## ORDER

IT IS ORDERED that ECF No. 1 is GRANTED in part as unopposed (*see* LR 7-2(d)) and DENIED in part.

ECF No. 1 is denied without prejudice to the extent that Plaintiff seeks to toll the statute of limitations. This request must be filed as a separate motion. *See* LR IC 2-2(b).

ECF No. 1 is granted to the extent that the Court will issue an order to show cause.

IT IS FURTHER ORDERED that Renovations of Las Vegas, Inc. (Respondent) must show cause why it should not be ordered by this Court to comply with the Subpoena Duces Tecum issued by the Deputy Regional Administrator, Wage and Hour Division, U.S. Department of Labor.

IT IS FURTHER ORDERED that Respondent must appear for a hearing on February 17, 2023 at 1:00 p.m. in Courtroom 3B to show cause. Alternatively, Respondent may satisfy this Court's order to show cause by complying with the subpoena by February 3, 2023.

IT IS FURTHER ORDERED that Plaintiff must file a notice with this Court by February 10, 2023 stating whether Respondent complied with the subpoena. If Respondent complies with the subpoena, the Court will vacate the February 17, 2023 hearing.

IT IS FURTHER ORDERED that Plaintiff must serve a copy of this order on Respondent and file a notice with the Court by January 18, 2023 verifying that it served Respondent.

IT IS FURTHER ORDERED that the hearing scheduled for January 17, 2023 is vacated.

**IT IS SO ORDERED**
**DATED:** 3:51 pm, January 12, 2023

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT 1

UNITED STATES OF AMERICA

DEPARTMENT OF LABOR
WAGE AND HOUR DIVISION
SUBPOENA DUCES TECUM

TO:   The Custodian of Record or Any Other Person Duly Authorized to Provide Documents and Information concerning:

**Renovations of Las Vegas**

You are hereby required to deliver to District Director Higinio Ramos of the WAGE AND HOUR DIVISION, UNITED STATES DEPARTMENT OF LABOR, at 333 S. Las Vegas Blvd, Ste. 5520, Las Vegas, NV 89101 on the **1st day of June 2022, at 1 o'clock p.m**. of that day, to testify and to bring with you and produce at that time and place, books, documents, and other tangible things, regarding the wages, hours, and other conditions and practices of employment maintained by Renovations of Las Vegas (herein called the "Employer") during the period from **May 2019** to the **date of production** (herein called the "Subject Period"), and all other matters described in Attachment #1, which is and made a part of this subpoena.  *In lieu of a personal appearance, records may be emailed to Collado.ivonne@dol.gov .*

FAIL NOT AT YOUR PERIL

IN TESTIMONY WHEREOF, I have hereunto affixed my signature and the seal of the UNITED STATES DEPARTMENT OF LABOR at San Francisco, California, on May 18, 2022.



RICHARD LONGO    Digitally signed by RICHARD LONGO

Richard Longo
DEPUTY REGIONAL ADMINISTRATOR,
WAGE AND HOUR DIVISION,
UNITED STATES DEPARTMENT OF LABOR

NOTICE TO WITNESS:  If a claim is made for witness fees or mileage, this subpoena should accompany voucher.

1

## ATTACHMENT #1
## to subpoena issued to Renovations of Las Vegas

### DEFINITIONS

A. "Employer" shall mean Renovations of Las Vegas and each of their affiliates, predecessors, successors, officers, directors, agents, representatives, attorneys, accountants, and consultants.

B. "Contractor shall mean any current and former entity that are listed as "Contractors", "Subcontractors", "Independent Contractors" or "Clients" with the Employer.

C. "Worker" shall mean current and former employees, managers, members, partners, or independent contractors of the Employer, as well as persons who performed work or were paid by the Employer as an independent contractor.

D. "Document" shall mean writings and recordings pursuant to Fed. R. Evid. 1001, including any written, printed, typed, or other graphic matter of any kind, and all mechanical or electronic sound recordings or transcripts thereof, computer programs or data, e-mail, text messages, audio or video recordings, correspondence, facsimiles, notes, or phone logs, and shall include the original and all nonidentical copies, all drafts even if not published, disseminated, or used for any purpose, and all notes, schedules, footnotes, attachments, enclosures, and documents attached or referred to in any documents to be produced pursuant to this subpoena.

E. "Relating to" means constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

F. "Communication" means any oral, written, electronic or other exchange or transmission of information (in the form of facts, ideas, inquiries, opinions, analysis or otherwise), including correspondence, memos, reports, emails, electronic mail, electronic documents, telephone conversations, telephone or voicemail messages, text messages, face-to-face meetings or conversations, and Internet postings and discussions.

### INSTRUCTIONS

G. <u>Scope of search</u>. You are required to search for, obtain and produce all responsive documents, including without limitation documents that are in your custody or control, but not in your immediate possession. This includes any responsive documents in the possession, custody or control of any person acting on your behalf or under your direction or control, such as your employees, accountants, agents, representatives, attorneys, or advisors.

H. <u>Subject Period</u>.  Unless otherwise specified, the time period covered by this Subpoena is from **May 2019** to the **date of production**.  Documents created prior to May 2019, which have been used or relied on since May 2019 or which describe legal duties which remain in effect after May 2019 (such as policies and contracts), shall be considered as included within the time period covered by this Subpoena.

I. <u>Privileges and Protections</u>.  If you do not produce documents because you object to part of or an aspect of a request, please provide a written response stating the precise basis for the objection and produce all documents responsive to the remaining part or aspect of the requests.

If any documents responsive to this Subpoena are withheld because of a claim of privilege, please identify the documents you claim are privileged in a written response, and please indicate for each such document: 1) the nature of the privilege or protection claimed; 2) the factual basis for claiming the privilege or protection asserted; 3) the subject matter of the document; 4) the type, length and date of the document; 5) the author of and/or signatory on the document; and 6) the identity of each person to whom the document was directed or distributed.

J. <u>Electronically stored information</u>.  If any document called for by this Subpoena exists as, or can be retrieved from, information stored in a structured electronic or computerized form, then you are directed to produce the document in a structured form that maintains the ability to search, filter, and sort such as CSV or Microsoft Excel (native QuickBooks files may also be provided). This would include documents such as payroll records, electronic time records, general ledgers, or bank records. Documents that only exist in PDF, Excel or other image format should be produced in their native format.  This could include scans of manual timecards, pictures, unstructured Excel files, or other documents that do not exist in a structured format. Files can be submitted in a ZIP compressed format.  Sufficient information including identification of the applicable software program and passwords, if any, should be provided to permit access to and use of the documents.  Images created through a scanning process should have a minimum resolution of 300 dots per inch (dpi).  Regardless of the format selected for producing a document, you are requested to preserve the integrity of the original electronic document and its contents, including the original formatting of the document, its metadata and, where applicable, its revision history.

K. <u>Manner of production</u>.  All documents produced in response to this Subpoena shall comply with the following instructions:

   a. You should conduct your searches for responsive documents in a manner sufficient to identify the source and location where each responsive document is found.

   b. All documents produced in response to this Subpoena shall be segregated and labeled to show the document request to which the documents are responsive and the source and location where the documents were found.

    c. To the extent that documents are found in file folders and other similar containers that have labels or other identifying information, the documents shall be produced with such file folder and label information intact.

    d. To the extent that documents are found attached to other documents, by means of paper clips, staples, or other means of attachment, such documents shall be produced together in their condition when found.

    e. All documents provided in response to this Subpoena are to include the marginalia and post-its, as well as any attachment referred to or incorporated by the documents.

    f. If there are no documents responsive to a particular request, please specify that you have no responsive documents.

    g. If documents relied upon or required to respond to any of this Subpoena, or requested documents, are no longer in your possession, custody, or control, you are required to state what disposition was made of such documents, including identification of the person(s) who are believed to be in possession or control of such documents; the date or dates on which such disposition was made, and the reason for such disposition.

    h. <u>Electronic media</u>:
To the extent that the documents that are responsive to this Subpoena may exist on electronic media, those documents should be provided on one of the following media: Compact Disk – Read Only Memory (CD-ROM), Digital Versatile Disc – Read Only Memory (DVD) or USB hard drive.

### **DOCUMENTS TO BE PRODUCED FOR THE SUBJECT PERIOD**
### **January 2020 TO THE DATE OF PRODUCTION**

1. Documents sufficient to identify all businesses (including parent companies, management companies, subsidiaries, and trade names) associated with the Company at any time during the Subject Period by name, legal address, and agent for service of process and Federal Tax ID number(s);

2. Documents sufficient to identify all corporate officers of the Company during the Subject Period by name, address, telephone number, officer status (i.e., President, Treasurer), and period of officer status;

3. Company organizational chart for all locations owned and operated by the Company;

4. Documents sufficient to identify all accounting software used in preparation of the Company(s)'s financial documents and tax returns, including accountant(s)'s/tax

preparer(s)'s name(s), street address(es), mailing address(es), and telephone number(s);

5. IRS Forms 1120 (Corporate Tax Return), 1120s (S-Corporate Tax Return), 1065 (Partnership Tax Return), 941 (Quarterly Federal Tax Return), and/or 940 (Unemployment Tax Return) with all supporting work papers and schedules, and month end earnings reports for the Company(s) for the years ending: **2018, 2019, 2020, and 2021.**

6. All Monthly financial statements for the Company(s), in Excel format, including but not limited to, Profit and Loss Statement, Statement of Income and Changes in Retained Earnings, Statement of Cash Flows and Balance Sheet, in Excel, for the Subject Period;

7. Complete, detailed General Ledger, in Excel Format, Trail Balance, and Chart of Accounts for the Subject Period;

8. All bank statements, including check images, for all business accounts of the Company during the Subject Period;

9. IRS Forms W-2, W-4, W-9, and 1099 for any all persons who worked for the Company(s) during the Subject Period;

10. List in electronic format (Excel or CSV) showing all persons who are currently working for the Company(s) or who worked previously for the Company(s) during the Subject Period with their full name, full name, address, telephone numbers, email addresses, federal tax id numbers, company names (if any), social security numbers, rate(s) of pay, hire and termination dates, and shifts worked; **Documents provided thus far do not include social security numbers, hire and termination dates, nor shift work.**

11. All records such as payroll records that show all payments made to all persons who worked for the company during the Subject Period, indicating gross pay, net pay, rate of pay, hours worked, overtime hours, and deductions by pay period provided in a structured Excel, CSV, file, or other format that is searchable, filterable, and sortable (see the description of this below)

12. All records such as timesheets and timecards that show the number of hours worked each workday and total hours worked each workweek by all persons who worked for the Company during the Subject Period provided in a structured Excel, CSV, file, or other format that is searchable, filterable, and sortable (see the description of this below). If manual timecards are used, please provide PDF copies;

13. All copies of independent contractor agreements to include terms of employment, rate of pay, date started, equipment/materials/vehicles required for the Subject Period;

14. Copy of policies related to pay, hours, holiday pay, paid time off and working conditions of all persons who worked for the Company during the Subject Period, including Company handbook, memoranda, and emails.